MEMORANDUM *
Petitioner Abraham Jaimes-Fuentes appeals the decision of the Board of Immi *470 gration Appeals affirming the Immigration Judge’s (“IJ”) denial of his application for adjustment of status and his request for cancellation of removal. He also requests an extension of his period for voluntary departure.
The IJ concluded that Petitioner was “in a sense” a public charge because of the back taxes he owed. The IJ appears to have disregarded 8 U.S.C. § 1182(a)(4)(B), which enumerates five factors that an IJ “shall at a minimum consider” in making a public charge determination, in reaching this conclusion. Likewise, the IJ may have disregarded 8 C.F.R. § 245a.3(g)(4)(i), which states that public charge determinations are to be made by looking at the “totality of the alien’s circumstances,” and that the “existence or absence of a particular factor should never be the sole criteria for determining if an alien is likely to become a public charge.” However, any legal error by the IJ in this respect was harmless.
An alien in Petitioner’s situation “who seeks admission or adjustment of status” is inadmissible as an alien likely to become a public charge unless “the person petitioning for the alien’s admission ... has executed an affidavit of support.” 8 U.S.C. § 1182(a)(4)(C); see also 8 C.F.R. § 213a.2(a)(l)(i)(A) (stating that with some exceptions not relevant to this case, “an intending immigrant is inadmissible as an alien likely to become a public charge, unless the qualified sponsor ... has executed on behalf of the intending immigrant a Form 1-864, Affidavit of Support.”). Silvia Gonzalez, Petitioner’s estranged wife, is petitioning for his admission. She submitted an affidavit of support on Petitioner’s behalf in 2001. However, because several years had passed between her submission of that affidavit, and because she and Petitioner had since separated, the IJ required her to file a new affidavit. The IJ had discretion under 8 C.F.R. § 213a.2(l)(v)(B) to make this request. Despite being given several opportunities, Gonzalez failed to file a new affidavit of support. Because of this deficiency, the IJ properly held that Petitioner’s application for adjustment of status must be denied.
The IJ denied Petitioner’s request for cancellation of removal because Petitioner failed to establish that removal would result in “exceptional and extremely unusual hardship” to Gonzalez or his children as required by 8 U.S.C. § 1229b(b)(l)(D). Under the REAL ID Act of 2005, this court “lack[s] jurisdiction to review the Id’s subjective, discretionary determination that” Petitioner “did not demonstrate ‘exceptional and extremely unusual hardship’ under 8 U.S.C. § 1229b(b)(l)(D).” Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). Petitioner fails to “allege at least a colorable constitutional violation” that could overcome this jurisdictional bar. Id. Consequently, Petitioner’s petition fails.
Finally, Petitioner argues that his request to extend his period of voluntary departure should be granted. It is not clear if he made this request previously or if he is making it for the first time before this court. Regardless, his argument fails. The executive branch has exclusive authority to determine when aliens must voluntarily depart. See Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1172-73 (9th Cir.2003).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.